Danny E. **SHIELDS**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 04–85–00514–CR.

Court of Appeals of Texas,
San Antonio.

April 29, 1987.

Joe Mike Egan, Jr., Kerrville, appellant.

Ronald L. Sutton, Dist. Atty., Junction, for appellee.

Before ESQUIVEL, DIAL and CHAPA, JJ.

## OPINION

DIAL, Justice.

The defendant was convicted on a plea of guilty for the offense of burglary and placed on 5 years' probation. This is an appeal from the revocation of his probation based on evidence in a subsequent trial for delivery of methamphetamine. The two points of error allege jury misconduct and insufficiency of the evidence based on entrapment. The jury misconduct issue would have no bearing on the trial judge's granting of the motion to revoke probation.

On the entrapment issue, the undisputed facts were that an informant, Rainey, told a Kerrville police officer that the defendant was offering to sell some stolen U.S. Savings Bonds. The officer arranged for Rainey to introduce an undercover police officer to the defendant for the purpose of buying the stolen bonds. The officer offered the defendant $106.00 for the bonds and some "toot" (street terminology for methamphetamine). The defendant accepted the offer, and the officer paid him the money. The defendant directed the officer to drive to another location. There the defendant obtained the methamphetamine which forms the basis for his conviction and handed it to the officer.

The defendant testified that Rainey had previously asked him for methamphetamine on several occasions. He further testified that on the occasion in question the undercover officer had given him $60.00 with which he purchased a quarter of a gram of "speed" and delivered it to the officer.

The defense of entrapment applies where the defendant is induced to commit a crime by a law enforcement agent using persuasion or other means likely to cause a person to commit the offense. Conduct of a law enforcement agent that merely affords a person an opportunity to commit the offense does not constitute entrapment. The term "law enforcement agent" would include a person acting under the instruction of such an agent. TEX.PENAL CODE ANN. § 8.06 (Vernon 1974); *Rangel v. State*, 585 S.W.2d 695, 698 (Tex.Crim.App. 1979). Even if the defendant's version of the testimony was believed, it merely showed an opportunity afforded the defendant to commit the offense. This does not constitute entrapment. The point of error is overruled.

The judgment of revocation is affirmed.